**UNITED STATES BANKRUPTCY COURT**
NORTHERN    **DISTRICT OF** ILLINOIS
EASTERN DIVISION

In re:  MARY A. ARGENTINO      § Case No. 14-42564
                               § Hon. PAMELA S. HOLLIS
                               § Chapter 7
                               §
        Debtor(s)

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/25/2014.
The undersigned trustee was appointed on 04/26/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                              $125,000.00

   Funds were disbursed in the following amounts:

   Payments made under an interim distribution
   Administrative expenses                                              $75,966.38
   Bank Service Fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor                                        $15,000.00
   Other payments to the debtor

   Leaving a balance on hand of [1]                                     $34,033.62

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 08/01/2016 and the deadline for filing governmental claims was 08/01/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $8,750.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $8,750.00, for a total compensation of $8,750.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $33.57, for total expenses of $33.57 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/28/2016    By: /s/ ALLAN J. DeMARS
                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

EXHIBIT "A" FORM 1

# INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No. 14-42564  
Case Name: MARY A. ARGENTINO  
For Period Ending: 3/31/17

Trustee Name: Allan J. DeMars  
Date Filed (f) or Converted (c): 11/25/14(F)  
reopened: 4/26/16  
§341(a) Meeting Date: 1/14/15  
Claims Bar Date: 8/1/16

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) Ref # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1  cash | 55.00 | 0.00 | | | FA |
| 2  checking acct Charter One Bank | 1,715.00 | 0.00 | | | FA |
| 3  kitchen appliances | 15.00 | 0.00 | | | FA |
| 4  used television | 25.00 | 0.00 | | | FA |
| 5  clothing | 100.00 | 0.00 | | | FA |
| 6  Retirement plan at Vanguard | 44,835.00 | 0.00 | | | FA |
| 7  2005 Chevrolet Cobalt | 5,500.00 | 0.00 | | | FA |
| 8  pelvic repair p.i. settlement vs American Medical Systems (u) | 125,000.00 | 34,033.62 | | 125,000.00 | FA |

TOTALS (Excluding unknown values)  34,033.62   125,000.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing: CASE REOPENED AFTER TRUSTEE NOTIFIED OF "PELVIC REPAIR CLASS ACTION LAWSUIT SETTLEMENT" WHICH HAD NOT BEEN ORIGINALLY SCHEDULED.

**CASH RECEIPTS AND DISBURSEMENT RECORDS**

```
Case No.:        14-42564                          Trustee's Name:  Allan J. DeMars
Case Name:       MARY A. ARGENTINO                 Bank Name:       ASSOCIATED BANK
Taxpayer ID#:    XXXXXX3677                        Initial CD #:    CDI
For Period Ending: 3/31/17                         Blanket bond (per case limit): 5,000,000
                                                   Separate bond (if applicable):
                                                   Checking acct#:  xxxxxxx 2504
```

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| 11/30/16 | Ref 8 | AMS Qualified Settlement Fun | settlement of defective pelvic repair multi-district litigation, gross settlement @125,000.00 with attys fees, liens, common fund expenses and costs, in the amount of $75,966.38, paid by settling party directly to attys and net paid to the estate; see DOCKET 29 | 1242-000 | 49,033.62 | | 49,033.62 |
| | | | | | | | |
| | | | gross settlement $125,000.00 | 1242-000 | | | |
| | | | LESS: | | | | |
| | | | | | | | |
| | | | MDL fee of $6250.00 | 2990-000 | | | |
| | | | attorneys fee $47,500.00 | 3991-000 | | | |
| | | | Medical liens $19,664.20 | 4210-000 | | | |
| | | | MDL admin expenses $981.00 | 2990-000 | | | |
| | | | MDL case expenses $1,286.18 | 2990-000 | | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| **Trans. Date** | **Check or Ref. #** | **Paid to/ Received from** | **Description of Transaction** | **Uniform Transaction Code** | **Deposit $** | **Disbursement $** | **Checking Acct Balance** |
| | | | Lien Resolution admin expense $285.00 | 2990-000 | | | |
| 12/2/16 | Check 1001 | Mary A. Argentino | personal injury exemption | 8100-002 | | 15,000.00 | 34,033.62 |

```
                                   COLUMN TOTALS      49,033.62       15,000.00       34,033.62
                 Less: Payments to debtor(s)          15,000.00       15,000.00
                                           Net        34,033.62                       34,033.62

                                                                        NET
         TOTAL - ALL ACCOUNTS                    NET  DEPOSITS       DISBURSEMENTS      BALANCES
         Checking# xxxxxx2504                      34,033.62                           34,033.62
         Money Market #
         Savings #
         CD #CDI
         Net                                        34,033.62                           34,033.62
                                               Excludes account     Excludes payments   Total Funds
                                                  transfers            to debtor         on Hand
```

EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: 8/1/16

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DIST. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  | UNSECURED |  |  |
| 1 | 5/2/16 | American InfoSource LP | 1,959.95 | 716.61 |
| 2 | 5/9/16 | Quantum3 Group LLC | 1,129.00 | 412.79 |
| 3 | 5/9/16 | Quantum3 Group LLC | 1,604.90 | 586.80 |
| 4 | 5/10/16 | First Natl Bank of Omaha | 1,092.48 | 399.44 |
| 5 | 5/19/16 | Capital One Bank USA | 539.32 | 197.19 |
| 6 | 5/24/16 | Navient Solutions Inc. | 2,925.75 | 1,069.73 |
| 7 | 5/24/16 | Navient Solutions Inc. | 30,649.02 | 11,206.10 |
| 8 | 6/15/16 | Credit First NA | 669.00 | 244.60 |
| 9 | 7/5/16 | PYOD  LLC, assignee | 898.05 | 328.35 |
| 10 | 7/5/16 | PYOD  LLC, assignee | 3,782.90 | 1,383.13 |
| 11 | 7/5/16 | PYOD  LLC, assignee | 3,042.74 | 1,112.51 |
| 12 | 7/5/16 | PYOD  LLC, assignee | 3,040.37 | 1,111.64 |
| 13 | 7/5/16 | PYOD  LLC, assignee | 910.11 | 332.76 |
| 14 | 7/5/16 | PYOD  LLC, assignee | 2,832.74 | 1,035.73 |
| 15 | 7/27/16 | Wells Fargo Bank NA | 1,251.74 | 457.67 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | 56,328.07 | 20,595.05 |
|  |  |  |  |  |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 14-42564
Case Name: MARY A. ARGENTINO
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $34,033.62

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $34,033.62

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| *Trustee, Fees* | ALLAN J. DeMARS | $8,750.00 | $0.00 | $8,750.00 |
| *Trustee, Expenses* | ALLAN J. DeMARS | $33.57 | $0.00 | $33.57 |
| *Attorney for Trustee, Fees* | ALLAN J. DeMARS | $4,655.00 | $0.00 | $4,655.00 |
| *Attorney for Trustee, Expenses* | ALLAN J. DeMARS | | | |
| *Accountant for Trustee, Fees* | | | | |
| *Accountant for Trustee, Expenses* | | | | |
| *Auctioneer, Fees* | | | | |
| *Auctioneer, Expenses* | | | | |
| *Charges,* | U.S. Bankruptcy Court | | | |
| *Fees,* | United States Trustee | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses : $13,438.57
Remaining balance: $20,595.05

UST Form 101-7-TFR (5/1/2011)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for          , Fees* | | | |
| *Attorney for          , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| *Other* | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $20,595.05

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00
Remaining balance: $20,595.05

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$56,328.07_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___36.6___ percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American InfoSoure LP | $1,959.95 | $0.00 | $716.61 |
| 2 | Quantum3 Group LLC | $1,129.00 | $0.00 | $412.79 |
| 3 | Quantum3 Group LLC | $1,604.90 | $0.00 | $586.80 |
| 4 | First National Bank of Omaha | $1,092.48 | $0.00 | $399.44 |
| 5 | Capital One Bank USA | $539.32 | $0.00 | $197.19 |
| 6 | Navient Solutions, Inc. | $2,925.75 | $0.00 | $1,069.73 |
| 7 | Navient Solutions, Inc. | $30,649.02 | $0.00 | $11,206.10 |
| 8 | Credit First NA | $669.00 | $0.00 | $244.60 |
| 9 | PYOD LLC, assignee | $898.05 | $0.00 | $328.35 |
| 10 | PYOD LLC, assignee | $3,782.90 | $0.00 | $1,383.13 |
| 11 | PYOD LLC, assignee | $3,042.74 | $0.00 | $1,112.51 |
| 12 | PYOD LLC, assignee | $3,040.37 | $0.00 | $1,111.64 |
| 13 | PYOD LLC, assignee | $910.11 | $0.00 | $332.76 |
| 14 | PYOD LLC, assignee | $2,832.74 | $0.00 | $1,035.73 |
| 15 | Wells Fargo Bank NA | $1,251.74 | $0.00 | $457.67 |

Total to be paid for timely general unsecured claims: $20,595.05
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00
Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**